**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1.  MICHAEL PAYNE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-14-772-HE |
| 1. GRANT COUNTY, OKLAHOMA, a political subdivision which is sued in the name of the Board of County Commissioners for Grant County, Oklahoma, | ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) ATTORNEY LIEN CLAIMED <br> ) |
| 2. SCOTT STERLING, in his official capacity, | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and hereby pleads his claims as follows:

### PARTIES

1. The Plaintiff is Michael Payne, an adult resident of Grant County, Oklahoma.

2. The Defendants are:

   A. Grant County, Oklahoma, a political subdivision which is sued in the name of the Board of County Commissioners for Grant County, Oklahoma ("Grant County"); and

   B. Scott Sterling, in his official capacity as Sheriff of Grant County, Oklahoma. Mr. Sterling is a resident of Grant County, Oklahoma.

### JURISDICTION AND VENUE

3. Plaintiff's causes of action are for retaliation for his spouse's complaints of age discrimination in violation of the ADEA and OADA and retaliation for his wife's complaints of gender discrimination in violation of Title VII of the Civil Rights Act and the OADA. Jurisdiction over the federal claims is provided under 29 U.S.C. § 626(c) and 28 U.S.C. § 1331. The state law claims arise out of the same core set of facts and jurisdiction is vested over those claims by 28 U.S.C. § 1367(c). All of the

-1-

actions complained of occurred in Grant County, Oklahoma and the Defendants may be served in that county.

4. Grant County is within the United States District Court for the Western District of Oklahoma, wherefore venue is proper in this Court under and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. Plaintiff is an adult male born in 1972.

6. Plaintiff was employed by the Defendants as a Deputy Sheriff from around October 2007 until he was involuntarily terminated around August 27, 2013.

7. At the time of Plaintiff's termination he was over forty (40) years old.

8. At the time of his termination, the Plaintiff held all of the qualifications necessary for his job and was satisfactorily performing his job.  The position of Deputy Sheriff continued to exist after Plaintiff's termination and was filled by persons who had not complained of discrimination and whose spouses had not complained of discrimination.

9. Plaintiff's spouse, Shari Payne, also worked for the Defendants until around June 2, 2013.  During her employment, Plaintiff's spouse was discriminated against on the basis of her age and gender and she complained of the ageist comments made by Sheriff Sterling.  Plaintiff's spouse was terminated after her complaints and thereafter filed a charge of discrimination with the EEOC on or about August 22, 2013.  Plaintiff was terminated within weeks after his spouse had complained of discrimination.

10. The reason given for Plaintiff's termination was that Plaintiff had called another employee a name.  This is pretextual for several reasons including that others who engaged in actions as serious or more serious than the Plaintiff were not terminated and that the true reason was retaliation for the complaints of age and gender discrimination made by Plaintiff's spouse.

11. Plaintiff Michael Payne exhausted his administrative remedies by timely filing an

EEOC charge of discrimination on December 11, 2013. The EEOC issued Plaintiff Michael Payne's right to sue letter on May 1, 2014 and Plaintiff Michael Payne received such letter thereafter. By such actions Plaintiff has exhausted all administrative requirements under the ADEA and OADA.

## COUNT I

Plaintiff incorporates the foregoing allegations and further alleges:

12. Count I goes only to the Defendant Grant County.

13. Retaliation against a third party for such his spouse's complaints of age discrimination is contrary to the ADEA, and the OADA.

14. A "but for" cause of Plaintiff's termination was retaliation for his spouse's complaints about ageist comments and conduct.

15. Under the ADEA, Plaintiff is entitled to compensation for his lost earnings, past, present and future and for the value of the benefits associated with such earnings. Plaintiff is also entitled to emotional distress damages for the retaliation claim.

16. Because the actions of the Defendant County were willful as defined by the ADEA, Plaintiff is entitled to liquidated damages in an amount equal to his lost wages and benefits through the time of trial. Liquidated damages are automatically available under the OADA without a showing of willfulness.

17. Plaintiff is also entitled to an award of attorney fees and costs.

## COUNT II

Plaintiff incorporates the foregoing allegations and further alleges:

18. Count II goes only to the Defendant Grant County.

19. Retaliation against a third party for such his spouse's complaints gender discrimination is contrary to Title VII (including Title VII's gender plus doctrine) and the OADA.

20. A "but for" cause of Plaintiff's termination was retaliation for his spouse's complaints about gender discrimination

21. Under this Count, Plaintiff Payne is entitled to compensation for his lost earnings, past, present and future and for the value of the benefits associated with such earnings, as well as damages for emotional distress/dignitary harm. Plaintiff is entitled to liquidated damages under the OADA.

22. Plaintiff is also entitled to an award of attorney fees and costs.

## COUNT III

For this cause of action Plaintiffs incorporate all prior allegations and further asserts as follows:

23. This cause of action goes to Defendant Sterling in his official capacity.

24. Defendant Sterling is the Sheriff of Grant County, an independently elected official with charge and custody over the jail.

25. Defendant Sterling was, at all relevant times, the elected Sheriff for Grant County and believed to be the final decision-maker for Grant County in regards to the employment of persons in the Sheriff's Department.

26. Defendant Sterling made the decision to terminate Plaintiff Mike Payne in retaliation for his wife's complaints about gender and age discrimination and such retaliation is contrary to Title VII of the Civil Rights Act of 1964 and the OADA.

27. As the direct result of such actions, Plaintiff has suffered the injuries above described, which include lost wages (past, present and future including the value of benefits associated with such wages) and compensation for dignitary harm damages including but not limited to worry, anxiety, embarrassment and other similar unpleasant emotions for which Plaintiff is entitled to compensation, as well as liquidated damages under the state claim.

**WHEREFORE**, Plaintiff prays that he be granted judgment in his favor and against the Defendants on all of his claims and that this Court grant all available compensatory damages, liquidated damages, costs, attorney's fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 22nd DAY OF JULY 2014.**

s/ Amber L. Hurst
Mark Hammons OBA No. 3784
Amber L. Hurst, OBA No. 21231
HAMMONS, GOWENS, HURST & ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: Amberh@hammonslaw.com
*Attorneys for Plaintiff*
*Jury Trial Demanded*
*Attorney Lien Claimed*
